**Harpal SINGH; Rajwinder Kaur, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71311.

United States Court of Appeals, Ninth Circuit.

May 16, 2003.

Robert B. Jobe, San Francisco, CA, for the petitioners.

Ethan B. Kanter, Department of Justice, Office of Immigration and Litigation, Washington, DC, for the respondent.

Before NOONAN, McKEOWN, and RAWLINSON, Circuit Judges.

### ORDER

In this appeal from denial by the Board of Immigration Appeals (the Board) of petitioners' requests for asylum, withholding of deportation, and withholding of removal under the Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, the Board states that its decision "is based solely on the non-classified evidence of record." The Board also states, "We adopt and incorporate the Immigration Judge's factual findings found in her written decision from pages 1 through 43." The Immigration Judge in that decision states that she "has employed reasonable factual inferences from the classified evidence." She also speaks of giving "appropriate weight" to the classified evidence. Three times in her unclassified decision, the judge refers to her classified decision for analysis of the credibility of one or other of the petitioners.

We have been supplied neither with the classified information nor the Immigration Judge's unexpurgated classified opinion. We have been supplied with 30 pages of the classified opinion, in which the classified evidence is characterized by the Immigration Judge as "layer upon layer of hearsay," but nonetheless "directly contradicts some of Mr. Cheema's testimony." The classified evidence referred to has been blacked out.

It is our statutory duty to review petitions from decisions of the Board. Former INA § 106, 8 U.S.C. § 1105a (1988 Ed.); IIRIRA § 309(c)(4), Pub.L. No. 104–208; 5 U.S.C. §§ 551–559, 701–706. When we are denied access to the data informing the Immigration Judge's factual findings, which the Board has made its own, we are unable to perform our statutory duty.

Accordingly, we direct the appellee to produce to the court unexpurgated copies of the Immigration Judge's classified decision and all classified materials presented to the Immigration Judge. Appellees may make such documents available to the court in accordance with the procedures of the Department of Justice. Appellees are directed to notify the court, within 15 days, of the procedures they intend to follow to make these documents available to the court, or to show cause why they should not be subject to sanctions for failure to do so, including the granting of the petitions for review.